**STATE of Missouri, Respondent,**

v.

**Leland MILLER, Defendant,
United Bonding Insurance Company,
Appellant.**

**No. 54323.**

Supreme Court of Missouri,
Division No. 2.

Nov. 10, 1969.

Briney, Welborn & Spain, Bloomfield, for surety-appellant.

WILLIAM M. TURPIN, Special Judge.

This is a bond forfeiture case. Jurisdiction is in this Court because the State of Missouri is a party.

Cause was submitted on brief by Appellant, United Bonding Insurance Company, and taken as submitted without brief on behalf of Respondent.

Appellant, United Bonding Insurance Company, appeals from the order of the trial court striking its motion to set aside judgment or in the alternative that the execution be quashed, on court's own motion, as being untimely filed.

No evidence was offered in this case in the trial court as the motion was stricken by the trial court on the date it was filed. The transcript consisted entirely of the court records.

On September 7, 1966, a complaint was filed in the Magistrate Court of Dunklin County charging Leland Miller with a felony. On September 15, 1966, bond was set at $2500, and Miller was released on bond September 22nd. A copy of the bond was filed with this Court and was signed by Leland Miller and Joe H. Simon. Attached to the bond as a separate sheet is a power of attorney by Appellant.

The case was subsequently transferred to Stoddard County and set for trial on July 14, 1967. The defendant Miller failed to appear on that date and his bond was ordered forfeited. On May 6, 1968, a Motion for Judgment on said bond was filed directed to Leland Miller and Joe H. Simon. Notice was served on the Circuit Clerk of Stoddard County and a copy of it was sent by registered mail to Joe H. Simon, and a return receipt signed by him was returned.

Upon those pleadings and notice the Circuit Court of Stoddard County on July 3, 1968, entered the following judgment:

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that the State of Missouri have and recover of the said Joe H. Simon the sum of $500.-00 and that execution issue therefor."

On July 5, 1968, execution was issued against Appellant, United Bonding Insurance Company, directed to the Sheriff of the City of St. Louis, and this was returned "not satisfied." Thereafter, on October 29, 1968, execution was delivered to the Sheriff of Cole County to be served on the Division of Insurance to collect on a judgment against Appellant.

It is interesting to note that on October 31, two days later, the court entered an order dismissing the information against defendant, Leland Miller.

On November 4, 1968, Appellant filed its motion to Set Aside Judgment, or in the alternative that the execution be quashed. The same day the following order was entered by the trial court:

"Surety's Motion to Set Aside Judgment filed. Prepared Judgment corrected Nunc Pro Tunc to show $2500.00 forfeiture. Motion ordered stricken by

Court, the same not having been timely filed."

Appellant in its motion urged the trial court to set aside the judgment on the grounds that it had no notice or knowledge of the proceedings; that Joe H. Simon was not at the time of these proceedings an agent of Appellant; that the judgment was against Joe H. Simon as an individual and not against Appellant; and because Appellant had no notice any judgment against it was void. Thus, the jurisdiction of the court to levy an execution against this Appellant was raised in the motion.

■ The records show that the motion was filed more than thirty days after entry of judgment on July 3, 1968. Appellant contends such motion was timely filed and clearly authorized under § 511.250, RSMo 1959, V.A.M.S., and Rule 74.32, V.A.M.R. If the Appellant was by its motion attacking the jurisdiction of the trial court to issue the execution, and we believe it was, this question may be raised at any time. Angle v. Owsley, Mo.App., 332 S.W.2d 457.

■ This is a fact question and the trial court should have proceeded to hear the motion on its merits. Its order striking the motion as not being timely filed was erroneous. The irregularity is patent on the record.

It would not be proper at this time to consider other points raised by Appellant or the merits of the points raised in its motion.

It is therefore ordered that the order of the circuit court striking Appellant's motion be set aside, and the cause remanded with directions to reinstate the motion for further proceedings thereon.

All of the Judges concur.